```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

                    CASE NO. 11-21118-CIV-MORENO
                    MAGISTRATE P. A. WHITE
```

ELBERT JOHNSON,                  :

    Plaintiff,               :

v.                               :           REPORT OF
                                          MAGISTRATE JUDGE
SANJAY RADZAN,                               (DE#20)
                                 :

    Defendant.               :
_____

## I. Introduction

The pro-se plaintiff, Elbert Johnson, filed a civil rights complaint pursuant to 42 U.S.C. §1983,(De#1) and an amended complaint (DE#9), alleging denial of adequate medical treatment. The plaintiff is permitted to proceed in forma pauperis.

This Cause is before the Court upon Defendant Razdan's Motion to Dismiss (DE#20) and Memorandum of Law.

## II. Analysis

### A. Applicable Law for Reviewing Motion to Dismiss

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint because the plaintiff has failed to state a claim upon which relief may be granted. See Fed.R.Civ.P. 12(b)(6). The complaint may be dismissed if the plaintiff does not plead facts that state a claim to relief that is plausible on its face. See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007)(retiring the oft-criticized "no set of facts"

language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim); Watts v. FIU, 495 F.3d 1289 (11 Cir. 2007). While a complaint attacked for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1964-65. The rules of pleading do "not require heightened fact pleading of specifics . . . ." The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007)(quoting Twombly, 127 S.Ct. at 1964).

The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or Fed.R.Civ.P. 12(b)(6) or (c). See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)").

B.  Factual Allegations

A Report and Recommendation was entered by the Undersigned following a preliminary screening of the complaint and amended complaint. It was determined that the amended complaint (DE#9) was the operative complaint. The plaintiff named Dr. Sanjay Razdan, a urologist at Kendal Regional Medical Center. The facts as stated in the preliminary report revealed that as a result of the defendant's

allegedly poor surgical techniques and deliberate indifference to his medical condition, he suffered from permanent damage to his organs.

The plaintiff contends that on or about May of 2009, Dr. Poveda sent him for a prostate biopsy, stating that his number was high. He told Poveda that he had a biopsy a few months ago, which was negative and signed a refusal. Sometime in June of 2009, he was taken with other inmates to Jackson South Medical Center to see Dr. Razdan, a urologist, and he again signed a refusal for a biopsy. He states that he signed multiple refusals in July, August September and November of 2009.

In January of 2010, Dr. Poveda persuaded him to take a biopsy. He states that Razdan performed the biopsy manually. He was bleeding and in unbearable pain. Following the procedure, he was bloody and his right testicle was swollen. He was told there was nothing they could do for him. He declared a medical emergency, and was given pills, but remained in severe pain. He states he was seen in sick call and was told him there was nothing he could receive except Ibuprofin. Nurse Dwares, upon seeing how swollen he was, prescribed 500 cc of penicillin and put him on an antibiotic for ten days. The bleeding stopped but he could not urinate. Nurse Ruell attempted to catheterize him. He said that he had requested pain medication for the plaintiff, and would ask again. The catheter was filled with blood, and he was admitted to Kendall Regional Medical Center. He was given an ultra sound and it was determined he had liver damage. He had to wear a colostomy and was rushed back to the medical center, as he could not urinate normally. He was in severe pain and swollen. He was told both of his kidneys had been damaged, as well as his liver. In September of 2010, Dr. Razdan performed a second surgery so he could urinate. He

3

contends he still cannot urinate normally, his right testicle is swollen and he cannot get an erection. His biopsy proved to be normal. He seeks monetary damages.

It was determined for purposes of initial screening that the claims of denial of adequate medical treatment should proceed against Dr. Razdan, and he was served by the United States Marshal. The defendant filed a motion to dismiss.

Defendant Razdan's Motion to Dismiss (DE#20)

The defendant seeks to either dismiss the complaint for failure to state a claim of deliberate indifference to his medical needs or for the Court to Order the plaintiff to file a second amended complaint so that each paragraph is numbered to comply with Fed.R.Civ.P. 10(b).

The defendant contends that there is no evidence that he was notified of the plaintiff's complications, and that his actions at most could be considered negligent.

The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or Fed.R.Civ.P. 12(b)(6) or (c). See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). It has already been determined in the preliminary screening that at this preliminary stage the plaintiff has stated a claim. The Report and Recommendation was adopted by Chief United States District Judge Federico A. Moreno on August 22, 2011.

As stated in the Preliminary Report, the plaintiff alleges that Razdan ignored his pain during the biopsy procedure, and walked out of the room when it was finished, despite the fact that he was bleeding. He claims that after a long period of pain and bleeding, along with an inability to urinate he was returned to Kendall Medical Center. At that time Razdan told him there had been liver damage, gave him a prescription and sent him back to the institution. He was eventually rushed back to the hospital swollen, and in pain. He contends that Razdan cut a hole in his bladder, inserted a tube and said "clean him up" and walked out. He then learned his kidneys had been damaged. On the ninth day of his hospitalization, Dr. Razdan informed him he had to perform a second surgery. Following this surgery he was left with residual damage, including a swollen testicle, and an inability to urinate properly. He essentially claims that Razdan caused his serious medical condition by being deliberately indifferent to his medical needs, and continued to be deliberately indifferent to his increasingly serious condition. At this preliminary stage, it was determined that the plaintiff minimally stated a claim of an Eighth Amendment violation.

The defendant's motion to dismiss has not changed the out come of that Report and Recommendation. It may be determined at the summary judgment stage, when the facts are more fully developed, that the plaintiff's claim is not sufficient, however the claims shall proceed at this early stage.

As to the defendant's argument that the plaintiff should be ordered to file a second amended complaint, upon review of the pro-se plaintiff's complaints, it appears that paragraphs in the amended complaint are separated and clearly stated, although not numbered. As this plaintiff is not represented by counsel, it

5

appears he has attempted to conform to the spirit of Rule 10(b), if not the letter. This argument is without merit.

### III.  Conclusion

It is therefore recommended that Defendant Razdan's Motion to dismiss (DE#20) be denied.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated this 21st day of September, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Elbert Johnson, Pro Se
     #013118
     Dade Correctional Institution
     Address of Record

     Patrick Dahl
     Wicker, Smith, Ohara, McCoy, and Ford, P.A.
     Attorney of record